# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:15-cr-00035 |
| | ) | Judge Trauger |
| CLAUDIA ALDANA | ) | |
| | ) | |

## MEMORANDUM AND ORDER

The parties have filed supplemental briefs after the sentencing of this defendant on November 2, 2015 related to the appropriate amount of the forfeiture in this case. The defendant agreed to a restitution award in the amount of $20,000,000.00, payable jointly and severally with her co-conspirators. She maintains, however, that the forfeiture should be limited to the amount of her "ill-gotten gains". The government maintains that the forfeiture order should mirror the restitution order, as all of the funds generated by the fraudulent tax returns went through her hands when she cashed the U.S. Treasury checks presented at her place of employment. The government has the better part of the argument here.

The defendant relies upon *United States v. McLaughlin*, 565 F.App'x 470, 475 (6th Cir. 2014) for her argument that forfeiture must be limited to the defendant's gain, but that is too narrow a reading of that case. The district court in that case was reversed because it held the defendant liable in forfeiture for funds that he never received or possessed but that went into the account of a corporation that he ran. However, because there was no proof that the defendant had indirectly benefitted from the funds deposited in the corporate account, forfeiture was inappropriate. Had that proof been present, the forfeiture order probably would have been

upheld.  *McLaughlin* does not stand for the proposition, however, that funds that are received and possessed by the defendant are not forfeitable.  *McLaughlin* relies heavily upon *U.S. v. Contorinis*, which held, in part:

> The extension of forfeiture to proceeds received by actors in concert with a defendant may be deemed to be based on the view that the proceeds of a crime jointly committed are within the possessory rights of each concerted actor, i.e. are "acquired" jointly by them and distributed according to a joint decision.  This view does not support an extension to a situation where the proceeds go directly to an innocent third party and are never possessed by the defendant.
> . . .
> While "property need not be personally or directly in the possession of the defendant, his assignees or his co-conspirators in order to be subject to forfeiture,... the property must have, at some point, been under the defendant's control or the control of his co-conspirators in order to be considered "acquired" by him.  Finally, extending the scope of a forfeiture to include proceeds that have never been acquired either by defendant or joint actors would be at odds with the broadly accepted principle that forfeiture is calculated based on a defendant's gains.

692 F.3d 136, 147 (2nd Cir. 2012).  However fleeting the defendant's possession of the $20,000,000.00 from this scheme, the government has shown by a preponderance of the evidence that she did receive and/or possess the entire $20,000,000.00 subject to forfeiture.

For the reasons expressed herein, it is hereby ORDERED that the forfeiture order in this case shall mirror the restitution order - $20,000.000.00.

It is so **ORDERED**.

ENTER this 4th day of April 2016.

_____
ALETA A. TRAUGER
U.S. District Judge